**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHIL MILLMAN, an individual; et al., | No. 10-55626 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-07933-CBM-JC |
| v. | |
| JAN INGLISH, an individual; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Submitted December 6, 2011[**]
Pasadena, California

Before: PREGERSON and MURGUIA, Circuit Judges, and CONLON, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Suzanne B. Conlon, District Judge for the United
States District Court for Northern Illinois, sitting by designation.

Appellants Phil Millman, a home infusion pharmacist, and his company Chemique Pharmaceuticals appeal the district court's order dismissing their 42 U.S.C. § 1983 action against employees of the California Department of Health Care Services ("DHCS"). Appellees' audit of Appellants' billings to Medi-Cal revealed an overpayment, but the California Department of Justice, the California Pharmacy Board, and the Medicare administration subsequently found no wrongdoing. Appellants allege that Appellees knew the audit employed faulty methodology and would produce the false result that Appellants had committed Medi-Cal billing fraud. The district court found: (1) the totality of Appellants' allegations failed to satisfy the plausibility standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and (2) Appellants' constitutional claims fail as a matter of law. We affirm.

We accept the facts alleged in the complaint as true. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1100 n.1 (9th Cir. 2008). We review *de novo* a dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199 (9th Cir. 2003). To state a claim under § 1983, Appellants must allege that an "official, acting under color of state law, caused the deprivation of a federal right." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal citation omitted). "[A] person 'subjects' another to the deprivation of a

2

constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

First, the district court correctly concluded that Appellants' complaint does not state a plausible claim for the violation of a constitutional right. Appellants have alleged no facts that would support an inference that Appellees intended to harm Appellants, as opposed to being mistaken. Mere conclusions of intent are insufficient to render Appellants' constitutional claims plausible. *See Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1951. Appellants have also not stated a claim for supervisorial liability against Appellee Jan Inglish because the complaint lacks allegations that would make plausible the assertion that Inglish had knowledge of the allegedly unconstitutional conduct of her subordinates.

Second, the district court correctly held that Appellants cannot, as a matter of law, state a cognizable constitutional right or a deprivation thereof. Although the First Amendment protects the "freedom to associate with others for the common advancement of political beliefs and ideas," *Perry v. Schwarzenegger*,

591 F.3d 1147, 1152 (9th Cir. 2010), Appellants have not alleged that Appellees prevented them from associating with other pharmacists.

Appellants also cannot state a claim for a substantive due process violation because they do not have a "recognized liberty or property interest at stake." *Guzman v. Shewry*, 552 F.3d 941, 953 (9th Cir. 2009) (quoting *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995)). A temporary suspension from Medi-Cal does not constitute a deprivation of the "protected liberty interest in pursuing the occupation of [one's] choice." *Id.* at 955. There is also no "property interest in continued participation in Medicare, Medicaid, or the federally-funded state health care programs." *Erickson v. U.S. ex rel. Dep't. of Health & Human Servs.*, 67 F.3d 858, 862 (9th Cir. 1995).

In addition, Appellants cannot state a claim for a violation of procedural due process. For a "stigma-plus" claim, due process protections apply "if the state makes a charge against a plaintiff that might seriously damage his standing and associations in the community, and 1) the accuracy of the charge is contested, 2) there is some public disclosure of the charge, and 3) it is made in connection with the termination of employment or the alteration of some right or status recognized by state law." *Wenger v. Monroe*, 282 F.3d 1068, 1074 (9th Cir. 2002) (internal citation and quotation marks omitted). Appellants' stigma-plus claim fails because

4

notification of the alleged fraud to other public agencies is not a public disclosure. *See id.* at 1075 n.5 (disclosures about investigation of a military officer's misconduct to other branches of the military are not public disclosures). Appellants' claim that they received inadequate process also fails. Following the auditors' finding of fraud, Appellants received a hearing before an administrative law judge, and Appellants have no right to full-blown hearings prior to the temporary deprivation of participation in federally funded health care programs. *Cassim v. Bowen*, 824 F.2d 791, 797–98 (9th Cir. 1987).

Finally, because there has been no deprivation of a constitutional right, there can be no supervisorial liability under § 1983. *See Edgerly v. City and County of San Francisco*, 599 F.3d 946, 961 (9th Cir. 2010) (supervisorial liability may exist where supervisor was involved in the constitutional deprivation or there is a connection between the supervisor's conduct and the deprivation). Additionally, as there has been no constitutional violation, Appellees are immune from suit. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

**AFFIRMED**